# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LENZY LOUIS HODGIN**                                                                                   **PETITIONER**

**v.**                                                                                                          **No. 4:13CV17-MPM-SAA**

**PRESTON GOFF, JR., ET AL.**                                                                            **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Lenzy Louis Hodgin for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Hodgin has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

The petitioner, Lenzy Louis Hodgin, is in the custody of the Mississippi Department of Corrections and is currently housed at the George/Greene County Correctional Facility in Lucedale, Mississippi. Hodgin was convicted of one count of fondling and one count of sexual battery in the Circuit Court of Sunflower County, Mississippi.[1] On August 6, 2004, the trial court found that Hodgin had been previously convicted of a sex crime, and sentenced him to serve twenty years for fondling and twenty years for sexual battery in the custody of the Mississippi Department of Corrections ("MDOC"). The judge also ordered that the sentences be served consecutively without eligibility for parole. Hodgin appealed his sentences and convictions to the Mississippi Supreme Court. On July 26, 2007, the Mississippi Supreme Court

---

[1] Copies of Hodgin's state court pleadings, motions, and orders are attached as exhibits to the State's motion to dismiss.

affirmed the judgment of the lower court. *Hodgin v. State*, 964 So.2d 492 (Miss. 2007) *reh'g denied,* Jan. 17, 2008 (No. 2004–KA–02039–SCT). Hodgin did not file a petition for writ of certiorari to the United States Supreme Court.

On May 20, 2009, the petitioner filed what he titled an "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court. However, the Mississippi Supreme Court issued an order on July 1, 2009, construing the motion as a petition for writ of mandamus – and dismissed the petition as premature. On July 19, 2010, Hodgin filed an "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court. The Mississippi Supreme Court held on August 4, 2010, that the application should be denied.

On September 7, 2012, Hodgin filed another "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court. On October 31, 2012, the Mississippi Supreme Court dismissed the application as procedurally barred because it was filed outside the state statute of limitations set forth in Miss. Code Ann. § 99-39-5(2) and met none of its exceptions. (Case No. 2009-M-00808).

On January 24, 2012, Hodgin filed yet another "Application For Leave To File Motion For Post-Conviction Collateral Relief" in the Mississippi Supreme Court. On March 6, 2012, the court dismissed the application, holding that it was barred as a successive writ. Hodgin filed a motion for rehearing which was dismissed, as reconsideration is prohibited by Miss. R. App. P. 27. On June 19, 2012, the court filed a corrected order holding that not only was the application successive, but it was also time barred and without merit. Further, the Mississippi Supreme Court held that the filing of additional frivolous petitions will subject Hodgin to sanctions.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Hodgin's judgment became final ninety days after the January 17, 2008, final judgment in state court – April 16, 2008 (January 17, 2008, plus 90 days). *See Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999); *see also* 28 U.S.C. § 2101; *Bell v. Maryland,* 378 U.S. 226, 2 (1964)) (time period in which petitioner could file a petition for writ of certiorari to Supreme Court must be considered in calculating date on which judgment becomes final). Hodgin's *habeas corpus* petition was therefore due in federal court one year later – by April 16, 2009.

Hodgin filed his first application for state post-conviction collateral relief on May 20, 2009, more than a month after the April 16, 2009, deadline for seeking federal *habeas corpus* relief. As such, he does not benefit from statutory tolling of the one-year federal deadline under 28 U.S.C. § 2244(d). Neither does Hodgin allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). As such, the deadline for seeking federal *habeas corpus* relief remained April 16, 2009.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on January 25, 2013, and the date it was received and stamped as "filed" in the district court on February 4, 2013. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 1,380 days after the April 16, 2009, filing deadline. The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 24th day of October, 2014.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**